## Case No. 10,532.

### ONE LARGE WATER TUB.

[3 Ben. 436;[1] 10 Int. Rev. Rec. 139.]

District Court, E. D. New York. Oct., 1869.

INFORMER'S SHARE—COSTS—VALUE LESS THAN $250.

1. The proviso in the 91st section of the act of congress of March 2d, 1799 (1 Stat. 697), that where the value of the property forfeited is less than $250, the share of the United States is to be applied towards the costs of the prosecution, is general in its application, and is applicable to forfeitures under the internal revenue laws.

2. Treasury regulations on that subject, issued under the authority of the 9th section of the act of July 13th, 1866 (14 Stat. 145), are not binding in cases which come within that proviso.

At law.

BENEDICT, District Judge. The question raised in this case is, whether, in a case arising under the internal revenue laws, where the value of the forfeited property is less than $250, the portion of the forfeiture which accrues to the United States shall be applied to the costs of prosecution, as is provided in the 91st section of the act of 1799, or whether, as provided in the treasury regulations of September 2d, 1867, the share allotted to the informer shall be subject to a proportionate deduction for costs and charges.

Treasury regulations, upon subjects like the present, issued within the scope of the authority conferred by the 9th section of the act of July 13th, 1866 (14 Stat. 145), have hitherto been considered as effective regulations, and no question as to the validity of the statute upon which they are based is here raised. But it is insisted that if the regulation referred to is intended to apply to cases like the present, it is beyond the scope of the authority conferred by the act of July 13th, 1866, above referred to, which confines the action of the secretary to cases not otherwise provided for, and thus, as it is claimed, excludes cases where the value is under $250, inasmuch as such cases are provided for by the act of 1799.

Upon an examination of the words of the 91st section of the act of 1799, I am of the opinion that the provision in question must be considered to be general in its effect, applicable to all cases, and not intended to be confined to the forfeitures which might arise under the act containing the proviso, or any other particular act. This appears by the studied omission from this provision of the words, "incurred by virtue of this act," which appear in the previous parts of the section, and also by the fact that the condemnations provided for are not required by the proviso to have arisen under particular laws or classes of laws. Nor can it be claimed that any particular class of laws was within the intention of the legislature; for, at the time of the passage of the proviso, seizures, condemnations, and sales of goods as forfeited, were provided for by several statutes, some of them having no relation to the revenue—such as the act of September 1, 1789 [1 Stat. 55], the act of March 3, 1791 [1 Stat. 199], which relates to taxes on domestic spirits; the act of May 8, 1792 [1 Stat. 267], in regard to 90-gallon casks; the act of December 31, 1792 [1 Stat. 287], in regard to registration of ships; the act of March 22, 1794 [1 Stat. 347], in regard to the slave trade; the act of July 9, 1798 [1 Stat. 578], in regard to captured vessels of France. Under all these and other acts, seizures, condemnations, and sales had been provided for, and they are clearly covered by the words of the provision in the act of 1799, which is, in terms, made applicable to all cases where a seizure, condemnation, and sale of goods shall take place within the United States.

Until repealed, therefore, the act of 1799 must be held to be controlling, in the cases to which its terms apply, as well when the case arises under the internal revenue laws, as those under the customs laws. If, then, it was intended by the regulation of September 26th, 1867, to forbid the appropriation of the government's share of a forfeiture to the payment of the costs, in cases where the value is less than $250, the regulation must be held to be unauthorized, and the appropriation must be made, in accordance with the 91st section of the act of 1799.

It is accordingly ordered, in this case, that the share of the proceeds of the property forfeited in this action, which accrues to the United States, be applied toward payment of the costs of the prosecution.

---

## Case No. 10,533.

### The ONEOTA.

[The case reported under above title in 11 N. Y. Leg. Obs. 353, is the same as Case No. 4,273.]